IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DAMILOLA OBEMBE,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:25-CV-1037-L-BK** |
| | § | |
| **ECHO IT SOLUTIONS INC.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

On March 6, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 16) was entered, recommending that the court grant Defendant Echo IT Solutions, Inc.'s Motion to Dismiss (Doc. 11), but dismiss without prejudice Plaintiff Damilola Obembe's ("Plaintiff" or "Ms. Obembe") claims for intentional infliction of emotional distress under Texas law ("IIED") and alleged discrimination (race and national origin) and retaliation in violation of Title VII of the Civil Rights Act ("Title VII") and the Texas Commission on Human Rights Act ("TCHRA"). The magistrate also recommended that Plaintiff, who is proceeding pro se, should be granted leave to amend to correct the deficiencies with respect to these claims but not the new claims included in her response to the Motion to Dismiss brought pursuant to 42 U.S.C. § 1981 and 8 U.S.C. § 1324b because amendment as to these claims would be futile. Finally, the magistrate judge recommended that the court dismiss with prejudice all claims by Plaintiff if she fails to cure by amendment the deficiencies identified in the Report within 14 days of the court accepting the Report if Defendant reurges its Motion to Dismiss. No objections to the Report were filed by either party; however, Plaintiff filed an Amended Complaint

**Order – Page 1**

(Doc. 17) on March 19, 2026.  For the reasons that follow, the court **rejects** the Report and **denies** Defendant's Motion to Dismiss (Doc. 11).

## I.      Discussion

### A.      Title VII and TCHRA Claims

#### 1.      Article III Standing

Defendant is a staffing and recruiting agency that contracts with and recruits, screens, and refers candidates for IT jobs to its corporate clients. Defendant sent job listings to Plaintiff and other candidates with resumes posted on public websites, regardless of whether they applied or inquired about the listings. Plaintiff's claims arise from the allegedly discriminatory job listing that included the qualification: "**U.S. Born White People mandatory.**"[*] Doc. 17 ¶ 24 (emphasis by Plaintiff).  Ms. Obembe's claims also stem from her complaint to Defendant about one of its job listings and her communications with a representative of Defendant regarding the listing, to which Defendant's representative responded: "**That is what our client wants.**"  *Id.* ¶ 26 (emphasis by Plaintiff).

Defendant moved to dismiss Plaintiff's claims for alleged discrimination based on race and national origin, and retaliation in violation of Title VII  and TCHRA on the grounds that her Original Complaint contains no allegations that she ever applied for a job through Defendant. Although Defendant moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), the magistrate judge construed Defendant's motion as one for dismissal based on lack of Article III standing and concluded that the court lacks jurisdiction over Plaintiff's Title VII and TCHRA claims as pleaded because she does not allege that she would have applied for the job listing at issue.

---

[*] Defendant contends that this was a requirement imposed by its client for which it was recruiting for the position at issue.

In her Amended Complaint, Plaintiff, a black woman of Nigerian national origin, alleges with respect to each of her Title VII and TCHRA claims that she would have applied for the job listed by Defendant but for the expressly exclusionary race and national origin-based requirement and qualification for applicants: "U.S. Born White People mandatory."[†] Doc. 17. She further alleges that this requirement deterred her from pursuing the position as her pursuit of the position would have been "futile." *Id.* These allegations in Plaintiff's Amended Complaint **cure** the jurisdictional issue raised by the magistrate judge and **moot** Defendant's argument regarding the lack of allegations with respect to Plaintiff applying for the job. *See International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 367-68 (1977) (explaining that, to qualify as a potential victim of unlawful discrimination under Title VII, a nonapplicant must allege that he or she "would have applied for the job had it not been for those [discriminatory] practices" because he or she "is necessarily claiming that he [or she] was deterred from applying for the job by the employer's discriminatory practices[.]").  Accordingly, dismissal on this ground, whether for lack of Article III standing or failure to state a claim on which relief may be granted under Rule 12(b)(6), is not warranted.

### 2.    Prima Facie Case (Retaliation)

Although the only argument raised in Defendant's Motion to Dismiss regarding Plaintiff's retaliation claim concerns her failure to allege that she applied for the job or position at issue, the magistrate judge *sua sponte* concluded that Plaintiff's retaliation claim fails for another reason. In this regard, the magistrate judge determined that Plaintiff's retaliation claim is based on Defendant's allegedly "hostile" and "harassing" response to her complaint about the job listing, which is insufficient to confer statutory standing because past injuries are insufficient to state a

---

[†] Defendant contends that this was a requirement imposed by its client for which it was recruiting for the position at issue.

retaliation claim under Title VII or the TCHRA.  In addition, the magistrate judge noted again that Plaintiff has not alleged that she applied, intended to apply, or would have applied for the position.

The court has already addressed the latter issue and determined that Plaintiff's Amended Complaint cured this deficiency.  The court further determines that Plaintiff's allegations in her Original Complaint are not limited to past injuries, as she alleges that she was forced to accept a lower paying job, which in turn resulted in significant financial loss, and her Amended Complaint provides further details regarding such losses.  Accordingly, dismissal of Plaintiff's retaliation claim on this ground is not appropriate.

**B.     Section 1981 Claim**

The magistrate judge concluded that Plaintiff should not be allowed to amend her pleadings to add the race-based claim of discrimination under section 1981 that is referenced in her response to the Motion to Dismiss, as any such claim is governed by the same jurisdictional analysis under Title VII. Given the prior determination in the Report that jurisdiction is lacking because Plaintiff lacks Article III standing, the magistrate judge concluded that any amendment to add a claim under section 1981 premised on the same allegations would be futile.

Plaintiff alleges in her Original Complaint that she was entitled to relief under section 1981 for Defendants alleged discrimination under Title VII.  Thus, this is not a new claim.  In any event, the court has already concluded that Plaintiff's Amended Complaint cured the jurisdictional deficiency identified in the Report.  This issue is, therefore, **moot.**

**C.     Section 1324b Claim**

Plaintiff's Amended Complaint does not reference section 1324b.  Accordingly, it appears that Plaintiff no longer intends to pursue a claim under section 1324b, making this issue **moot.**

### D.   IIED Claim

In its Motion to Dismiss, the entirety of Defendant's argument regarding Plaintiff's IIED claim is as follows: "Plaintiff has not provided any affirmative statement or evidence that would prove and/or support any alleged damages. Therefore, Plaintiff's fourth cause of action for [IIED] must also be dismissed."  Doc. 11 at 7.

As a preliminary matter, the court notes that Plaintiff is not required to come forward with evidence at the motion to dismiss stage. The court also **declines** to consider the argument regarding the sufficiency of allegations regarding damages raised by Defendant, who is represented by counsel, as this argument is not adequately briefed. *See* L.R. 7.1 (d) ("An opposed motion must be accompanied by a brief that sets forth the moving party's contentions of fact and/or law, and argument and authorities, unless a brief is not required by subsection (h) of this rule.").

It is perhaps for this reason that the magistrate judge, instead of addressing the alleged insufficiency of the damages asserted by Plaintiff in connection with this claim, concluded that dismissal of the claim is appropriate for another reason not urged by Defendant. In this regard, the magistrate judge reasoned:

> Texas courts have adopted a strict application of IIED claims in the context of the employment relationship. [*GTE SW., Inc. v. Bruce*, 998 S.W.2d 605, 612-13 (Tex. 1999)] (collecting cases). Generally, an employer may be held liable for its employee's tort "only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002). To be within the scope of employment, an employee's conduct "must be of the same general nature as that authorized or incidental to the conduct authorized." *Id.* (internal quotations and citation omitted). Accordingly, "if an employee deviates from the performance of his duties for his own purpose, the employer is not responsible for what occurs during that deviation." *Id.* (citation omitted).
>
> Here, Plaintiff seeks to hold the Defendant liable, at least in part, for the acts of its employee and its client. Doc. 3 at 9. However, the Complaint does not allege any facts plausibly showing that the employee's actions were within the scope of

the Defendant's employment. Nor does she identify any basis to hold Defendant liable for its client's conduct, whether under an agency theory or any recognized exception to the agency requirement. Although Plaintiff argues that Defendant effectively ratified the discriminatory conduct of its client and employee through inaction, nothing in the Complaint supports the inference that a manager or any supervising authority knew of the discriminatory conduct and chose to ignore it. *See Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 653-54 (5th Cir. 1994) ("[I]t is evident that before one an ratify an act so that it becomes his own, he must know of the act with which he is charged."). On the contrary, Defendant asserts that the discriminatory job listing was the result of "the rogue decision of one vendor," and that "the individual responsible has been terminated." Doc. 11 at 3 n.1.

Because Plaintiff has failed to allege any theory under which Defendant could be held vicariously liable for the actions of its employee or client, she fails to state a claim for IIED against Defendant. *See, e.g., Larson v. Hyperion Intern. Tech., L.L.C.*, 484 F. App'x 493, 496 (5th Cir. 2012) (plaintiff failed to state claim for IIED where the complaint did not plead facts showing that the employer's actions were within the scope of his employment).

Doc. 16 at 13-14.

While the forgoing summary of Texas law is a correct statement of law, it is unclear whether—"The statement in the email by which Plaintiff claims she was harmed was the rogue decision of one vendor of Defendant. The individual responsible has been terminated"—which appears in a footnote of Defendant's Motion, is meant to refer to an employee of Defendant, Defendant's client, or a vendor who is an independent contractor rather than an employee. Additionally, it is unclear how the forgoing authority, which focuses on the parameters of an employer-employee client relationship, would apply or be extended to the relationship between Defendant and its client Salesforce Business Analyst.

Moreover, to accept the magistrate judge's agency theory analysis, the court would have to look beyond Plaintiff's pleadings regarding Defendant's alleged inaction in response to her bringing the allegedly discriminatory listing to Defendant's attention, and accept the contention in Defendant's Motion to Dismiss that "the discriminatory job listing was the result of 'the rogue decision of one vendor,' and that 'the individual responsible has been terminated.'" Doc. 16 at 14

Order – Page 6

(quoting Doc. 11 at 3 n.1).  The court, however, is limited to the pleadings in ruling Defendant's Motion under Rule 12(b)(6), and, while it could convert the Motion to one for summary judgment, the assertion by Defendant in the footnote of its Motion does not qualify as evidence and raises more questions than answers.  Accordingly, the court **rejects** the magistrate judge's recommendation to grant Defendant's Motion to Dismiss and dismiss Plaintiff's IIED claim on these grounds, even though Plaintiff had an opportunity to object to the Report and did not do so.

The court nevertheless notes that Plaintiff's IIED claim appears to fail as a matter of law for another reason.  In Texas, it is well established that, "[i]f the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 448 (Tex. 2004).  Here, the gravamen of Plaintiff's IIED claim seems to be identical to that for her discrimination claim under Title VII and the TCHRA; however, because this issue was not raised or briefed by Defendant, the court **declines** to dismiss the claim on this ground. Although the court could move *sua sponte* to dismiss on this ground, it will leave the resolution of this issue regarding the viability of Plaintiff's IIED claim for another day.

## II.  Conclusion

Having considered the Motion to Dismiss, the parties' briefs, Plaintiff's original and amended pleadings, the file, Report, and record, the court **rejects** the magistrate judge's findings and conclusions for the reasons stated, except to the extent that the court agrees that Plaintiff is entitled to amend her pleadings, which she has already done. Accordingly, the court **denies** Defendant's Motion to Dismiss (Doc. 11).

**It is so ordered** this 23rd day of March, 2026.

_____
Sam A. Lindsay
United States District Judge

**Order – Page 8**